[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 06-10869
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 04-20808-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORIE CROSS,

Defendant-Appellant.

--------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------------

**(December 7, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Torie Cross appeals his convictions for conspiracy to

interfere with commerce by threats or violence, 18 U.S.C. § 1951 ("Hobbs Act

conspiracy"), and conspiracy to possess a firearm during a drug trafficking crime, 18 U.S.C. § 924.[1]  No reversible error has been shown; we affirm Cross's convictions.  But we vacate and remand for the limited purpose of correcting a clerical error in the amended judgment.

During Cross's trial, Eric Espinosa, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, testified that, after Cross was read his Miranda rights, Cross asked "what he was arrested for."  Agent Espinosa explained that, after the agents answered Cross's question, Cross "stated there's no reason for me to talk to you guys if you already knew what I was gonna do."

The jury found Cross guilty of the Hobbs Act conspiracy charge and conspiracy to possess a firearm during a drug trafficking crime.  Cross then renewed an earlier motion for judgment of acquittal; and he also moved for a new trial on the counts of conviction.  On the motion for judgment of acquittal, the district court explained that Cross's post-arrest statement, when considered in the light most favorable to the government, tends to prove that Cross conspired to steal cocaine as charged in the indictment.  But after turning to Cross's motion for a new trial, the district court concluded that "a miscarriage of justice would result

---

[1]Cross's Hobbs Act conspiracy conviction resulted from Cross conspiring with others to take cocaine from persons believed to be engaged in drug trafficking.

2

if the jury's verdict were allowed to stand without greater evidence of Cross's intent to steal cocaine."[2]  After a second trial, the jury found Cross guilty of the same offenses.

On appeal, Cross argues that the district court should have granted his motion for judgment of acquittal; and by not granting that motion and instead allowing Cross to be retried for the same offenses, the district court violated Double Jeopardy.  Because Cross raises this claim for the first time on appeal, we review it only for plain error.  United States v. Rahim, 431 F.3d 753, 756 (11th Cir. 2005), cert. denied, 126 S.Ct. 1820 (2006).  To establish plain error, Cross must show: "(1) error, (2) that is plain and (3) that affects substantial rights.  If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).

We reject Cross's Double Jeopardy challenge.  Here, the district court clearly -- and correctly -- explained that it was applying two different standards in

---

[2]The district court also explained that "a new trial [was] required so that the government may, if it chooses, present clearer or more compelling evidence that Cross was guilty of the []necessary elements of each crime for which he was convicted."

considering Cross's motion for judgment of acquittal and his motion for a new trial.

"In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (internal quotation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." Id. (internal quotation omitted).

But "[o]n a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and

4

submit the issues for determination by another jury." Id. (internal quotation omitted).

In addition, we have explained that the district court's acts in this case -- denying a motion for judgment of acquittal but granting a motion for a new trial -- are not impermissible. We have discussed the idea in this way:

> We do not mean to suggest that a district court may never grant a motion for new trial based on the weight of the evidence where the evidence is sufficient for conviction. The Rule 29 [Judgment of Acquittal] and Rule 33 [New Trial] standards are not identical. In a proper case -- a case in which the evidence of guilt although legally sufficient is thin and marked by uncertainties and discrepancies -- there is room between the two standards for a district court to reweigh the evidence and re-evaluate the credibility of witnesses.

Butcher v. United States, 368 F.3d 1290, 1297 n.4 (11th Cir. 2004) (internal quotation omitted).

Here, in considering his motion for judgment of acquittal, the district court explained that Cross's Hobbs Act conspiracy conviction required evidence from which a reasonable jury could conclude that Cross conspired with others with the intent to steal cocaine. The district court then concluded, after viewing the evidence in the government's favor, that Cross's post-arrest statement satisfied this requirement and that a reasonable jury could find Cross guilty beyond a reasonable doubt. But in considering Cross's motion for a new trial on the same

offense, the district court noted that, upon re-weighing the evidence without viewing it in the government's favor, "greater evidence of Cross's intent to steal cocaine" was needed to avoid granting a new trial. The district court applied the proper standards to its consideration of each of Cross's motions.[3] We are mindful of the plain error standard of review; and we see no double jeopardy violation in the district court's decision to deny Cross's motion for judgment of acquittal while granting his motion for a new trial.

Although it is not clear, it appears that Cross also argues that the government did not present sufficient evidence to support his Hobbs Act conspiracy conviction. "We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Orisnord, 483 F.3d 1169, 1177 (11th Cir. 2007) (internal quotation omitted). "[E]vidence will be deemed sufficient to sustain a conviction

---

[3]Cross complains that because the district court explained -- during its discussion of why it was granting his motion for a new trial -- that "Cross' post-arrest statement [was] insufficient evidence from which to conclude beyond a reasonable doubt that Cross intended to steal cocaine, as charged," then the district court should have granted his motion for judgment of acquittal instead of his motion for a new trial. But the district court's statement was made in the context of its independent review of the evidence, as is permitted when considering a motion for a new trial. In its discussion of Cross's motion for judgment of acquittal, the district court clearly explained that Cross's post-arrest statement, when properly considered in the light most favorable to the government, was "evidence from which a reasonable jury could conclude that Cross intended to steal cocaine and was therefore guilty of the crime . . . ."

unless we find that no rational trier of fact could have found proof of guilt beyond a reasonable doubt . . . ." United States v. Diaz, 248 F.3d 1065, 1093 (11th Cir. 2001).

To prove a Hobbs Act conspiracy, the government must show these things: "(1) two or more persons agreed to commit a robbery encompassed within the Hobbs Act; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in helping to accomplish the goal." United States v. To, 144 F.3d 737, 747-48 (11th Cir. 1998). After a careful review of the record, we conclude that the evidence was sufficient to support Cross's conviction.

At Cross's second trial, Brandon Williams, one of Cross's co-conspirators, testified that he asked Cross to participate in a robbery being planned to steal 30 kilograms of cocaine. According to Williams's testimony, Cross agreed to participate and acknowledged that he would receive five kilograms of cocaine as his share of the robbery proceeds. Williams also stated that he and Cross went to obtain guns and also bought black clothing, ski masks, and gloves to prepare for the robbery. And Cross and Williams were sitting in a hotel room on the day of the planned robbery -- with the guns, masks, and gloves laid out on a table in the hotel room -- when another co-conspirator made telephone calls discussing where the robbery was going to take place. Viewing this testimony and Cross's post-

7

arrest statement in the light most favorable to the government, we conclude that sufficient evidence supported Cross's Hobbs Act conspiracy conviction.

Although we affirm Cross's convictions, we note that the pertinent amended judgment contains a clerical error; it does not identify a statute section for his Hobbs Act conspiracy conviction. Therefore, although we affirm Cross's convictions, we vacate and remand for the limited purpose of correcting the clerical error in the written judgment. See United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006).

AFFIRMED.